UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAYNEL LOPEZ JEREZ, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-1159-X-BW |
| | § | |
| THOMAS BERGAMI, WARDEN, PRAIRIELAND DETENTION CENTER et al., | § | |
| | § | |
| | § | |
| | § | |
| *Respondents*. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Daynel Lopez Jerez filed a petition for a writ of habeas corpus under 28 U.S.C. section 2241 challenging his detention pending removal proceedings.[1] Petitioner also seeks injunctive relief.[2] For the following reasons, the Court **DENIES** Petitioner's habeas petition.[3]

### I. Background

Petitioner, a native and citizen of Cuba, entered the United States near the Christmas holidays, on or about December 22, 2023, without admission or parole.[4]

---

[1] Doc. 1 at ¶ 20.

[2] *Id.*

[3] The parties have not informed the Court that Petitioner became subject to a final order of removal after this lawsuit was filed, nor that Petitioner has been removed or otherwise released. If any of those circumstances occurred, the Court denies the petition as moot. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) (holding that a habeas petition becomes moot when the habeas relief requested can no longer be effected).

[4] Doc. 10 at 1; Doc. 1 at ¶ 20. The Government's response describes Lopez Jerez as "a native and citizen of El Salvador." But the petition, Lopez Jerez's Notices to Appear, his asylum application, and his Form I-766 describe him as a citizen of Cuba. Docs. 1 at ¶ 20, 1-2 at 3, 6, 8, 17.

After immigration officials apprehended Petitioner on December 22, 2023, Petitioner was determined to be an alien present in the United States without being admitted or paroled, and thus, Petitioner was placed in removal proceedings.[5] Petitioner was released from Immigration and Customs Enforcement (ICE) custody under an Order of Release on Recognizance on December 25, 2023, and has resided in the United States since his release.[6]

On March 23, 2026, Immigration and Customs Enforcement (ICE) detained Petitioner under 8 U.S.C. section 1225(b)(2)(A) as part of his removal proceedings.[7] On April 10, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. section 2241.[8] He argues that his confinement under section 1225(b)(2)(A) without a bond hearing violates the Immigration and Nationality Act (INA), the Fifth Amendment's Due Process Clause, and the Administrative Procedure Act (APA).[9] Respondents—the Warden of the Prairieland Detention Center and other federal officials—argue that Petitioner is properly detained without a bond hearing under section 1225(b)(2)(A) and that this detention does not violate the Due Process Clause.[10]

---

[5] Doc. 10 at 1–2.

[6] Doc. 1 ¶ 1.

[7] Doc. 1 ¶ 3.

[8] Doc. 1.

[9] *Id.* at 9–17. While Lopez Jerez claims an APA violation in his legal argument section, *id.* at 16, he does not formally bring an APA claim for relief. *Id.* at 18–19. In any event, an APA claim would fail because the APA only applies where "there is no other adequate remedy in a court." *See* 5 U.S.C. § 704. By bringing a habeas petition Lopez Jerez implicitly admits that there is an adequate remedy other than the APA. *See Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747, 760 (N.D. Tex. 2026) (Hendrix, J.).

[10] Doc. 10.

## II. Legal Standard

To be entitled to a writ of habeas corpus under 28 U.S.C. section 2241, a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[11] The great writ is reserved for fundamental defects resulting in a complete miscarriage of justice or wholly inconsistent with the demands of fair procedure.[12] This exceptional relief "is the precious safeguard of personal liberty and there is no higher duty than to maintain it unimpaired."[13] The petitioner has the burden to demonstrate that a constitutional violation has occurred.[14]

## III. Analysis

Petitioner claims his detention violates 8 U.S.C. section 1225(b)(2)(A) and the Fifth Amendment's Due Process Clause.[15] But binding Fifth Circuit precedent forecloses both claims.

Petitioner fails to show that his detention under section 1225(b)(2)(A) is unlawful. He is an applicant for admission under section 1225(a)(1) because he is "[a]n alien present in the United States who has not been admitted or who arrives in the United States."[16] Accordingly, the INA requires the government to detain him

[11] 28 U.S.C. § 2241(c)(3).

[12] *See Hill v. United States*, 368 U.S. 424, 428 (1962).

[13] *Bowen v. Johnston*, 306 U.S. 19, 26 (1939).

[14] *Lockett v. Anderson*, 230 F.3d 695, 707 (5th Cir. 2000).

[15] Doc. 1 at 9–19.

[16] 8 U.S.C. § 1225(a)(1).

without bond pending the conclusion of his removal proceedings.[17] Petitioner's INA claim therefore fails.

Petitioner's Due Process Clause claim fails as well. The Fifth Circuit recently issued its en banc opinion in *Rodriguez v. Vergara*, holding that detention without a bond hearing under section 1225(b)(2)(A) does not violate procedural or substantive due process, "[s]o long as an alien's detention pending removal has a definite termination point—removal or release."[18] Accordingly, Petitioner's Due Process Clause claim also fails.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner Daynel Lopez Jerez's habeas petition. Petitioner's request for declaratory and injunctive relief is denied for the same reasons. A separate judgment will issue.

**IT IS SO ORDERED** this 16th day of November, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[17] *Id.* § 1225(b)(2)(A); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026) (holding section 1225(b)(2)(A) "unambiguously provides for mandatory detention").

[18] __ F.4th __, No. 26-50183, 2026 WL 3181188, at *13–14, (5th Cir. Oct. 23, 2026) (en banc) (cleaned up).